Christina A. Fountain, CA Bar No. 111220
**LOPEZ McHUGH LLP**
120 Vantis Drive, Suite 430
Aliso Viejo, CA  92656
Telephone: (949) 737-1501
Facsimile:  (949) 737-1504
cfountain@lopezmchugh.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASCHA J. CROSS,<br><br>        Plaintiff,<br><br>    v.<br><br>PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES, also known as PRINCESS CRUISES, a corporation; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES, a corporation; HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE, a business entity, form unknown; CUNARD LINE, also known as CUNARD, a business entity, form unknown; AMANDA KENT, an individual; TIFFINEY PIETRZAK, an individual; and DOES 1 through 10, Inclusive,<br><br>        Defendants. | Case NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Discrimination in Employment – Violation of the ADEA and Title VII<br>2. Failure to Provide Reasonable Accommodation – Violation of Americans With Disabilities Act<br>3. Failure to Engage in Timely Good Faith Interactive Process – Violation of Americans With Disabilities Act<br>4. Harassment in Employment – Violation of Title VII;<br>5. Retaliation – Violation of Title VII, ADEA, Americans With Disabilities Act, and Family and Medical Leave Act<br>6. Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation - Violation of Title VII, ADEA, Americans With Disabilities Act, and Family and Medical Leave Act;<br>7. Wrongful Discharge in Violation of Public Policy;<br>8. Intentional Infliction of Emotional Distress; and<br>9. Defamation<br>10. Declaratory and Injunctive Relief<br>**[DEMAND FOR JURY TRIAL]** |

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Plaintiff, NATASCHA J. CROSS, herby demands a jury trial and brings this action against defendants PRINCESS CRUISE LINES, LTD. dba P&O PRINCESS CRUISES also known as PRINCESS CRUISES; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES; HOLLAND AMERICA GROUP also known as HOLLAND AMERICA LINE; CUNARD LINE also known as CUNARD; AMANDA KENT; and TIFFINEY PIETRZAK; (collectively referred to as "Defendants," and/or "DEFENDANT EMPLOYERS," unless otherwise noted) for equitable and injunctive relief, damages, and costs and attorneys' fees, as allowed by law,  as a result of Defendants' willful and unlawful conduct in violation of law and public policy and alleges, as follows:

1.     This action seeks redress for, *inter alia*, violation of rights guaranteed under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §§ 621 *et seq*. ("ADEA") and the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e, as amended,  *et seq*. ("Title VII"), the Americans with Disabilities Act, and Family and Medical Leave Act.

## JURISDICTION,  VENUE, AND  CITIZENSHIP OF PARTIES

2.     This court has subject matter jurisdiction of this action pursuant to 28 U.S.C.A. §§1331 and 1343(a)(4), 42 U.S.C.A. §§2000e-16(d) and 2000e-5(f)(3) and the Declaratory Judgment Act at 28 U.S.C.A. §2201, the Americans with Disabilities Act, and the Family and Medical Leave Act.

3.     Venue is  proper in this district pursuant to 28 U.S.C.A. §1391 and 42 U.S.C.A. §2000e-5(f)(3).

4.     Plaintiff is an American citizen, aged approximately fifty-seven (57) years, seeking all equitable and compensatory relief allowed pursuant to the ADEA and Title VII, including reinstatement and back pay, together with all other relief, including costs and attorney's fees, to which plaintiff may be entitled.  Plaintiff is a resident of the City

of Santa Clarita, County of Los Angeles, State of California.  The individual defendants are residents the County of Los Angeles, in the State of California.  The business and corporate defendants either reside in and/or are licensed to conduct their principal business in the city of Santa Clarita, County of Los Angeles, State of California, and the Defendants' unlawful  conduct, as alleged herein, is believed to be and is alleged to occur and/or to have occurred, in the City of Santa Clarita, County of Los Angeles, State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff exhausted her administrative remedies by filing a Complaint of Discrimination against defendants with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding the claims alleged in this action. The EEOC issued a right-to-sue letter pursuant to Plaintiff's request.

## GENERAL ALLEGATIONS

6.      Plaintiff, NATASCHA J. CROSS ("Plaintiff") was at all times relevant to this action employed for more than twenty-five (25) consecutive and uninterrupted years as an exemplary, loyal, and dedicated employee of Defendants PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES also known as PRINCESS CRUISES; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES; HOLLAND AMERICAN GROUP also known as HOLLAND AMERICA LINE, and CUNARD LINE also known as CUNARD, inclusive, until on or about January 11, 2024, whereupon Defendants willfully, intentionally, unlawfully, and wrongfully terminated Plaintiff's employment, without just cause.

7.      Defendants AMANDA KENT and TIFFINEY PIETRZAK were the managers and supervisors of Plaintiff during a portion of the time Plaintiff was employed with defendants and were the individual defendants that, on behalf of the other defendants, created a pretext for firing plaintiff and terminating her employment, without just cause. Plaintiff also suffered from a medical and physical disability for which Plaintiff required reasonable accommodation, and had requested and taken

3

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

proper medical leave within months before Defendants unlawfully and wrongfully terminated Plaintiff's employment.

**8.**     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this action Defendant PRINCESS CRUISE LINES, LTD dba P&O PRINCESS CRUISES aka PRINCESS CRUISES  ("PRINCESS") is and was a subsidiary of Defendant CARNIVAL CORPORATION dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES ("CARNIVAL"), with its headquarters and principal place of business located at 24305 Towne Centre Drive, Suite 130, in the City of Santa Clarita, County of Los Angeles, State of California.  Defendant PRINCESS was Plaintiff's employer and/or joint employer during all times relevant to this action.

9.     Plaintiff is informed and believes, and thereon alleges that, at all times relevant to this action, Defendant CUNARD LINE aka CUNARD ("CUNARD") is and was a subsidiary of Defendant CARNIVAL, with its headquarters and principal place of business located at 24305 Towne Centre Drive, Suite 130, in the City of Valencia/Santa Clarita, County of Los Angeles, State of California, and was Plaintiff's employer and/or joint employer during all times relevant to this action.

10.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this action Defendant CARNIVAL is and was a corporation authorized to operate and to conduct and do business at 24305 Towne Centre Drive, Suite 130, in the City of Santa Clarita, County of Los Angeles, State of California, and was Plaintiff's employer and/or joint employer during all times relevant to this action.

11.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this action Defendant HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE ("HOLLAND") is and was a business entity, the form of which is currently unknown to Plaintiff,  authorized to operate and conduct business in the City of Sanat Clarita, County of Los Angeles, State of California and was Plaintiff's employer and/or joint employer during all times relevant to this action.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

12.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, defendant AMANDA KENT, an individual, ("KENT") is and was a resident of the city of Santa Clarita, County of Los Angeles, State of California, and is and was at all times relevant to this action an authorized managing agent of Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, and on behalf of DEFENDANT EMPLOYERS acted as Plaintiff's supervisor and/or manager during the relevant time period of plaintiff's employment with Defendants and at the direction of, on behalf of, and in collusion with TIFFINEY PIETRZAK and DEFENDANT EMPLOYERS unlawfully, intentionally, and wrongfully terminated plaintiff's employment with DEFENDANT EMPLOYERS, without just cause, in violation of law.

13.    Plaintiff is informed and believes, and thereon alleges that at all times relevant to this action defendant TIFFINEY PIETRZAK, an individual, ("PIETRZAK") is and was a resident of the city of Santa Clarita, County of Los Angeles, State of California and is and was a managing agent of Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, and on behalf of DEFENDANT EMPLOYERS acted as plaintiff's supervisor and/or manager during the relevant time period of plaintiff's employment with defendants and at the direction of, on behalf of, and in collusion with KENT and DEFENDANT EMPLOYERS unlawfully, intentionally, and wrongfully terminated plaintiff's employment with DEFENDANT EMPLOYERS, without just cause, in violation of law.

14.    Defendants KENT and PIETRZAK willfully, intentionally, and knowingly colluded and schemed with each other on their own accord and/or with, and/or on behalf of, Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, to unlawfully and wrongfully terminate Plaintiff's employment with Defendants

PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other DEFENDANT EMPLOYERS whose names and/or identities are currently unknown to plaintiff, inclusive. Defendants KENT and PIETRZAK knew that Plaintiff was a dedicated, hardworking, exemplary, and loyal employee of DEFENDANT EMPLOYERS for more than twenty five (25) years, suffered from a recognized medical physical disability that required reasonable accommodation, and had taken a properly approved leave of absence due to a health condition in the months prior to January 11, 2024, the date on which Defendants KENT and PIETRZAK wrongfully and unlawfully terminated Plaintiff's employment.

15.    At the time plaintiff's employment was terminated, she had been employed with defendants for many years longer than either defendants KENT or PIETRZAK had been employed with defendants.

16.    Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, KENT, PIETRZAK, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, were at all times relevant to this action, employers and/or joint employers and/or authorized acting managing agents of Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, through the date of the wrongful termination of plaintiff's employment, in violation of law, public policy, and DEFENDNAT EMPLOYERS' established policies and procedures.

17.    Plaintiff is informed and believes and based thereon alleges, that she may be ignorant of the true names, identities, and capacities of all possible defendants and will seek leave to amend this Complaint to allege the true names, identities, and capacities, whether individual, corporate, or business, of said defendants, when ascertained. Plaintiff is informed and believes and thereon alleges that each of these defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages and injuries as alleged herein were proximately caused by the actions and conduct of said defendants.

18.     Plaintiff is informed and believes and, based thereon, alleges that at all times relevant to this action, each and every defendant whether named or to be named, was acting as an agent, parent, subsidiary, employee, managing agent, alter ego, joint venturer, joint employer, and/or integrated enterprise for and/or with each of the other Defendants and each Defendant and all of them colluded with and/or conspired together to commit the wrongful and unlawful acts and conduct alleged herein, and/or acted within the course and scope of their actual and/or apparent authority and/or each and every Defendant ratified and/or condoned the conduct of each and every other Defendant such that each and every Defendant is liable and/or responsible for the unlawful and wrongful conduct and acts of each and every of the other Defendants as regards Plaintiff's employment, the wrongful termination of said employment, and the damages suffered by plaintiff, all of which are the proximate result of Defendants' actions.

19.     Plaintiff is informed and believes and thereupon alleges that each Defendant is so interrelated with each and every other Defendant such that they constitute one entity and/or enterprise for purposes of establishing the responsibility and liability of each and every Defendant.  Plaintiff is informed and believes and as such, alleges that each and every Defendant exercises and/or exercised such control over the other Defendant(s), including as to corporate decision-making, such that said Defendants constitute and should be treated as one entity and/or enterprise for purposes of establishing liability with respect to the actions and conduct and injuries and damages, as alleged herein and will be shown at trial.

20.     Each and every allegation herein as regards the actions and/or conduct of each and every Defendant, whether as an individual defendant and/or a co-defendant, whenever and wherever reference is made in this Complaint to any act or failure to act by any defendant and/or co-defendant, such allegations and references are and shall be deemed to refer to the acts and/or failures to act by each and every other Defendant whether acting individually, jointly, and/or severally, and/or in collusion with the

7

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

others.

21.    Plaintiff is informed and believes and based thereon alleges that, at all times relevant to this action, each and every Defendant and/or its respective officers, directors, agents, employees, managing agents, and/or supervisors, authorized, condoned, and/or ratified the wrongful and/or unlawful conduct of each and every other Defendant.

22.    Plaintiff is informed and believes and based thereon alleges that, at all times relevant to this action, Defendants and/or their respective agents, parent, subsidiary, employees, officers, directors, managing agents and/or supervisors knew and/or reasonably should have known that unless they intervened to protect Plaintiff from the wrongful and unlawful conduct of the other defendants, and to adequately supervise, regulate, discipline, and/or otherwise control and/or penalize the conduct of the managing agents, supervisors, and employees of Defendants as alleged herein, all of the other and/or remaining defendants, employees, officers, directors, managing agents, and supervisors, perceived the wrongful and/or unlawful conduct and omissions as being ratified and condoned by each and all of the other Defendants.

23.    Defendants manufactured a pretext for terminating plaintiff's employment. Defendants, *inter alia,* moved and reassigned plaintiff to a brand new position, a position with duties, obligations, and functions never before previously known to plaintiff and for which Defendants knowingly, willingly, intentionally, and purposefully never adequately informed plaintiff of the duties and requirements of the new position and/or never adequately prepared and/or trained plaintiff for the new position such that the sole purpose was to unfairly and wrongfully cause plaintiff to experience difficulty meeting the duties and requirements of the new position and/or to experience difficulty achieving the unreasonable expectations and evaluations of her performance in the new position, such as the "Meets Expectations" and/or "Exceeds Expectations" levels at which plaintiff had consistently been evaluated in the previous positions in which she worked prior to being reassigned to the new never-before-known position to which

plaintiff had been reassigned without any adequate preparations and/or training. Defendants' actions in reassigning plaintiff to a new position and in creating a pretext for unlawfully and wrongfully firing plaintiff by falsely evaluating plaintiff at the "Fails to Meet Expectations" level were for the principal purpose of creating a pretext for terminating Plaintiff's employment, suddenly without any notice, without just cause, and in violation of the protections of the ADEA and Title VII.

24.    Defendants also knowingly, willingly, intentionally, and purposefully failed to engage in and/or implement their own established policies and procedures regarding a graduated disciplinary process such that Defendants, and all of them, failed and refused to provide Plaintiff with a Performance Improvement Plan ("PIP"), as required under Defendants' own established employment policies and procedures. Defendants knowingly, willfully, intentionally, and purposefully failed to apply to Plaintiff the said established policies and procedures regarding the graduated disciplinary process and a PIP to which Defendants, and all of them, applied to all other employees to whom plaintiff should have been considered similarly situated but who were not of plaintiff's race, gender, age, and or physical disability. Plaintiff's suffering and damages are the proximate result of Defendants' actions and conduct unlawfully discriminating against plaintiff on the basis of her race, gender, age, and physical disability. Defendants further knowingly, intentionally, and purposefully required plaintiff to reach certain levels, milestones, and/or achievements in the new position that were not required of any other similarly situated employees in the same position to which plaintiff had been suddenly reassigned for the purpose of creating a pretext for unlawfully terminating her employment.

25.    Defendants, and all of them, also wrongfully and unlawfully terminated Plaintiff's employment for the sole purpose of, *inter alia*, unjustly and wrongfully depriving plaintiff of her duly earned and fully vested retirement benefits, offered to all of Defendants' employees who, like Plaintiff, remained employed with Defendants for twenty-five-plus (25+) years, continuously and without interruption, and to which

Plaintiff was entitled and fully vested and/or would have fully vested only a mere couple months after Defendants, without notice and/or without just cause, suddenly terminated plaintiff's employment without providing Plaintiff the opportunity to improve any perceived shortcomings in Plaintiff's performance in the newly reassigned position through a PIP, as required under Defendants' own established employment policies and procedures.

26.    Plaintiff is informed and believes and thereupon alleges that at all times relevant to this action, DEFENDANT EMPLOYERS and each of them regularly employ and/or have regularly employed more than forty thousand (40,000) employees and as such, each and every of one the DEFENDANT EMPLOYERS and/or Defendants, as any person acting as an agent of an employer, directly or indirectly, is subject to the provisions of Title VII and the ADEA.

27.    Plaintiff is informed and believes and based thereon alleges that, at all times relevant to this action, Defendants and/or their respective agents, employees, parent, subsidiary, managing agents, and/or supervisors, knowingly, willfully, intentionally, and purposefully authorized, condoned and/or ratified the discriminatory, unjust, wrongful, and unlawful conduct of each and every other Defendant.

28.    Plaintiff is informed and believes and based thereon alleges that, at all times relevant to this action, Defendants and/or their respective agents, employees, managing agents, and/or supervisors compelled, coerced, aided, and abetted the discrimination suffered by Plaintiff at the hands of each and every Defendant.

29.    Throughout her twenty-five (25) year career with defendants, plaintiff performed her many duties and responsibilities in an exemplary manner in the different capacities and positions she held.  Plaintiff earned excellent reviews and evaluations and the commendations of her customers and supervisors. With the exception of minor attendance issues early in plaintiff's career regarding being tardy to work by mere minutes, an additional manner in which defendants discriminated against plaintiff as to the terms and conditions of her employment, no disciplinary action was ever taken

against plaintiff, nor were any complaints leveled against plaintiff regarding to the manner in which she performed her duties and responsibilities.

30.     Within the year prior to the termination of plaintiff's employment, she suffered serious health issues related to her physical disability and required an extended period of absence from work. Plaintiff applied to The Hartford, defendants' designated third party administrator for employee leaves of absence, and was expressly approved to take a leave of absence.  Notwithstanding that her leave of absence was expressly approved, plaintiff's supervisors and managers reprimanded and discriminated against plaintiff for taking her leave of absence due to her recognized physical disability and medical condition, and created an unlawful pretext for terminating plaintiff's employment.

31.     Plaintiff is also a woman of an African American race and heritage. At all times relevant to this action, plaintiff was also older than forty (40) years.  Plaintiff is informed and believes, and based thereon alleges, that other employees not members of the protected classes of which plaintiff is a member, have been granted and allowed medical leaves of absence, without adverse consequences, in circumstances similar to those under which plaintiff required a leave of absence.

32.     As a result of the wrongful discharge from her employment, plaintiff has suffered great harm, including the loss of income as well as the loss of medical, retirement, and life insurance benefits.

33.     Defendant's actions constitute an unlawful discharge based on plaintiff's age, race, gender, and physical disability in violation of the provisions of the ADEA and Title VII.

34.     Plaintiff began her employment with DEFENDANT EMPLOYERS on or about July 13, 1998.  Plaintiff was an employee of  the Defendants during all times relevant to this action, as Plaintiff was under the direction and control of the Defendants under an appointment or contract of hire, that was express, implied, and/or written or oral.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

35.    At all times relevant to this action, Plaintiff suffered from a physical disability that affects one or more of the body systems and limited a major life activity.

36.    Defendants, and all of them, unjustly and wrongfully terminated Plaintiff's employment on or about January 11, 2024, after twenty-five (25) years and six (6) months of Plaintiff's exemplary employment with DEFENDANT EMPLOYERS. Defendants' actions and conduct subjected Plaintiff to an adverse employment action and/or engaged in a course and/or pattern of conduct that taken as a whole, materially and adversely affected the terms, conditions, and/or privileges of Plaintiff's employment and to which Plaintiff was entitled.

37.    Plaintiff's employment was terminated by Defendants and each of them for unlawful, unjust, discriminatory, retaliatory, and without just cause reasons.

38.    Plaintiff suffers from a medical disability and/or  a physical disability that affects a major life activity and for which Plaintiff requested and was entitled to reasonable accommodation.  Plaintiff was an older worker over the age of forty (40) years at the time her employment was unlawfully terminated.  Plaintiff is a woman of African-American descent. Younger workers and employees were hired and given positions to which plaintiff was entitled.  Non-African-American and/or male workers and employees were not targeted for firing but were awarded with and granted employment terms and conditions and positions to which plaintiff was lawfully entitled. The termination of plaintiff's employment was not the result of a lawful reduction in force (RIF) but was an individually targeted firing based  upon plaintiff's race, gender, age, and/or medical disability.

39.    Plaintiff had consistently earned and received exemplary evaluations and reviews for years prior to her employment being unlawfully and unfairly terminated for no just cause but for unfair, wrongful, and discriminatory reasons.

40.    Plaintiff applied for, was approved, and did take a medical leave of absence from August 29, 2022 to December 31, 2022.  Defendants' third party administrator, The Hartford, reviewed and approved Plaintiff's leave of absence.  Defendants and all

of them retaliated against Plaintiff on the basis of plaintiff's age, medical disability, gender, and race, in undertaking conduct and actions that resulted in Plaintiff suffering adverse employment conditions.

## FIRST CAUSE OF ACTION

## Discrimination in Employment - Violation of the ADEA and Title VII

## Against All Defendants, Inclusive

41.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

42.    Title VII makes it is an unlawful employment practice for an employer to refuse to hire or employ a person, or to discriminate against a person as to the compensation, and the terms, conditions, and/or privileges of employment on the basis of, "race, color, religion, sex, or national origin." Title VII also prohibits an employer from retaliating against an employee when they assert their rights under the law.  The ADEA makes it unlawful to discriminate against a worker based upon that worker's age.

43.    Defendants and all of them discriminated against Plaintiff with respect to her compensation, and the terms, conditions, and/or privileges of Plaintiff's employment on the basis of, *inter alia*, Plaintiff's race, color, sex, gender, and age. None of the identified protected classes of which Plaintiff is a member and for which Defendants discriminated against Plaintiff, rendered Plaintiff unable to perform the essential duties of Plaintiff's employment.

44.    Plaintiff is informed and believes and thereupon alleges that DEFENDANT EMPLOYERS and each of them regularly employ and/or have regularly employed at least five (5) employees during all times relevant to this action, and in fact did and currently do employ more than forty thousand (40,000) employees and as such, each and every of one of the DEFENDANT EMPLOYERS and/or Defendants, and any person acting as an agent of an employer, directly or indirectly, is subject to the

provisions of the ADEA and Title VII.

45.     Defendants engaged in unlawful employment practices by terminating Plaintiff from her position and failing to rehire her based on Plaintiff's race, color, sex, and age, and/or for engaging in protected employment activities. Plaintiff is informed and believes and thereupon alleges that Plaintiff's disability (actual or perceived), medical condition and/or physical condition, that materially affected a major life activity, her age of greater than 40 years, and/or engaging in protected activities, such as, *inter alia*, but not limited to, seeking and obtaining proper approval for a leave of absence, were substantial and motivating factors in Defendants' decision to terminate Plaintiff's employment and failure to rehire her.

46.     Plaintiff is also informed and believes and thereupon alleges that Plaintiff's position was filled by a younger person, and/or a person without a physical and or medical condition that materially adversely affects a major life activity, was not a person of color, and/or was not a female/woman.

47.     As a direct, foreseeable, and proximate result of Defendants' wrongful, unjust, unlawful, and discriminatory acts, Plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court and to be proven at trial. Plaintiff claims such an amount as damages together with prejudgment interest pursuant to provision of law providing for pre-judgment interest.

48.     Plaintiff, in being forced to bring this action, will incur and be responsible to pay, and as a prevailing party shall be entitled to recover, attorney's fees.

49.     In doing the acts alleged herein, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, knew and/or had reason to know that plaintiff had been and was an exemplary employee of Defendants and had given Defendants no reason to terminate Plaintiff's employment but instead gave Defendants every reason to promote Plaintiff. Instead of continuing Plaintiffs employment, and or

14

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

promoting Plaintiff, as Defendants had promised both Plaintiffs and all others of Defendants' employees that said employees would continue to be employed where employees are exemplary, productive and loyal employees.

50.    Plaintiff, at all time relevant to  this action, was an exemplary, productive, and loyal employee but instead of promoting and/or continuing plaintiff's employment as Defendants do and had always done  to other employees not of the protected classes of which plaintiff is a member, Defendants intentionally, wrongfully, unjustly, and purposefully decided to not promote plaintiff in her employment and instead  did terminate, without notice, Plaintiff's employment.  Defendants knew and had reason to know that their termination of Plaintiff's employment was wrongful, unlawful, unjust, and without just cause but knowingly and intentionally decided to and did terminate Plaintiff's employment for the sole reason to rid Defendants' offices, and specifically Defendants' offices in Santa Clarita, California, of employees such as Plaintiff who are members of the protected classes of which Plaintiff is a member.

51.    Defendants terminated Plaintiff's employment based upon the false statements from KENT and PIETRZAK that plaintiff failed and refused to perform the duties of her job and that her employment must be terminated immediately and without notice and/or without allowing Plaintiff the opportunity to improve the perceived, although intentionally falsely perceived, failures regarding Plaintiff's work performance.    Defendants knew and/or had every reason to know that KENT's and PIETRZAK's statements about Plaintiff were false, but Defendants knew and/or had reason to know that said statements promoted and supported Defendants' intention and purpose to rid Defendants' offices, and specifically Defendants' Santa Clarita, California offices, of employee like Plaintiff.

52.    Rather than disregard KENT's and PIETRZAK's false statements regarding Plaintiff and Plaintiff's work performance, Defendants and all of them supported, ratified, and condoned the false statements and thereafter did wrongfully, unjustly, and unlawfully terminate Plaintiff's employment,  Defendants' conduct,

actions, and/or failures to act were all done with, and constituted, malice and/or reckless indifference to plaintiff's federally protected rights. and were done in collusion with all other Defendants, all in reckless disregard of the rights of Plaintiff.  Defendants' knowing, intentional, willful, purposeful, fraudulent, despicable, and malicious conduct entitles Plaintiff to an award of punitive damages pursuant to Title VII and/or Section 1983 to punish defendants' conduct and to deter similar conduct in the future.

53.    All Defendants knew and/or had reason to know of the conduct of the other Defendants and all Defendants in fact, condoned, ratified, approved of and supported the conduct of all other Defendants.

## SECOND CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation-

### Violation of Americans With Disabilities Act

### Against All Defendants, Inclusive

54.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

55.    Pursuant to the Americans with Disabilities Act ("ADA"),  it is unlawful for an employer to fail to make reasonable accommodations for an employee with a physical, medical, and/or metal disability. The employer also has an affirmative duty to, *inter alia*, inform employees with a disability of other job opportunities and ascertain whether the employee is interested in and/or qualified for said positions. An employer that regards and/or perceives an employee as disabled also carries the duty to provide reasonable accommodations for said employee.

56.    At all times relevant to this action, Plaintiff was with a disability and/or perceived by Defendants as disabled. As such, Defendants, and all of them were aware of Plaintiff's disability and/or regarded Plaintiff as disabled, and had a duty to provide Plaintiff with reasonable accommodations.

57.    Plaintiff, who was disabled and/or perceived by Defendants to be

16

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

disabled and /or with a physical condition and/or a medical condition protected by law in the terms, conditions, and privileges of Plaintiff's employment, would have benefited from various forms of accommodations which by way of example, but are not limited to, (1) a specific time period of a leave of absence necessary to recover; (2) interim time off to attend doctors' appointments and receive necessary treatment; (3) avoidance of job duties that worsened and/or aggravated Plaintiff's condition; and/or (4) not reassigning job duties intended to further aggravate and harm Plaintiff's condition. Said list of accommodations is non-exclusive and known to but never considered or provided by Defendants, who unjustly and unlawfully, and without notice, terminated Plaintiff's employment.

58.    DEFENDANT EMPLOYERS violated the ADA by refusing to provide reasonable accommodation for Plaintiff's actual or perceived disabilities. Instead, Defendants targeted Plaintiff for termination of her employment and did terminate her employment Defendants intentionally, knowingly, willfully, and purposefully failed and refused to rehire Plaintiff for the position from which she was wrongfully and unjustly fired.

59.    As a proximate result of Defendants' unlawful acts and conduct, Plaintiff has suffered and continues to suffer aggravation of injuries, substantial losses in earnings/benefits, humiliation, embarrassment, mental and emotional suffering and distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims these damages together with pre-judgment interest pursuant to all statutory authority that authorizes the recovery of pre-judgment interest.

60.    All Defendants knew and/or had reason to know of the conduct of the other Defendants and all Defendants in fact, condoned, ratified, approved of and supported the conduct of all other Defendants.

61.    Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to

proof at the time of trial.

## THIRD CAUSE OF ACTION

### Failure to Engage in Timely Good Faith Interactive Process -
### Violation of Americans With Disabilities Act
### Against All Defendants, Inclusive

62.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

63.    The provisions of the ADA make it unlawful for an employer to fail to engage in a timely, good faith interactive process to determine appropriate and reasonable accommodation, if any, for an employee or applicant for employment with a disability, and/or a medical condition and/or a physical condition that affect a major life activity.  An employer who regards an employee as disabled is also required to engage that employee in a timely, good faith interactive process to determine effective accommodations for the employee's perceived disability. DEFENDANT EMPLOYERS and all Defendants had a continuing duty to engage in the interactive process as regards Plaintiff's employment.

64.    Plaintiff was with a protected disability, and/or a protected physical condition, and/or a protected medical condition within the meaning of the provisions of the ADA. Defendants were aware of Plaintiff's disability and/or perceived Plaintiff to be disabled. DEFENDANT EMPLOYERS failed to engage in a timely, good faith interactive process with Plaintiff at all times relevant to this action and wrongfully and unlawfully targeted Plaintiff for the termination of her employment and in fact, terminated her employment. Defendants' intentionally and purposefully failed and refused to rehire Plaintiff although the position remained available, and Plaintiff is informed and believes and thereupon alleges that Defendants filled the position with a substantially younger, and/or non-disabled, and/or non-African American, and/or male person, none of whom, like Plaintiff, were within months of or had exceeded the

vesting of lifetime retirement benefits promised by Defendants and to which Plaintiff was entitled due to her exemplary and dedicated and loyal employment of more than twenty-five 25 years of employment with Defendants.

65.    Defendants knew Plaintiff was lawfully entitled to be allowed to engage in the interactive process but Defendants knowingly, intentionally, and purposefully decided to deprive plaintiff of the interactive process because Defendants were intent on terminating Plaintiff's employment, without just cause with the hope and intent that Defendants would succeed, with impunity, in violating Plaintiff's rights.

66.    As a direct, foreseeable, and proximate result of all of Defendants' refusal and  failure to engage with Plaintiff in a required timely and good faith interactive process, Plaintiff has suffered and continues to suffer aggravated injuries, substantial loss of employment earnings, employment benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to all legal authority that provides for the recovery of pre-judgment interest.

67.    As a further proximate result of Defendants' and all of their conduct, as alleged herein, Plaintiff has incurred and will continue to suffer, in addition to all of Plaintiff's compensatory damages,  loss of earnings, loss of retirement benefits, and medical expenses, all in amounts according to proof at trial.

68.    All Defendants knew and/or had reason to know of the conduct of the other Defendants and all Defendants in fact, condoned, ratified, approved, and supported the conduct of all other Defendants.

69.    In doing the acts alleged herein, DEFENDANT EMPLOYERS, through and with their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and with a conscious and reckless disregard of the rights of Plaintiff. As such, Plaintiff is entitled to punitive and exemplary damages in an amount according to proof at trial.

70.    Plaintiff has incurred and continues to incur costs and attorneys' fees, and pursuant to the ADA is entitled to recover said costs and fees in an amount according to proof.

## FOURTH CAUSE OF ACTION

### Harassment in Employment – Violation of Title VII

### Against All Defendants, Inclusive

71.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

72.    Pursuant to Title VII, as codified,  it is unlawful for an employer or individual to harass an employee based on, among other things, the employee' s disability (actual or perceived), age, and/or other protected classes of which plaintiff is a member and/or Plaintiff's protected activities.

73.    Defendants, and each of them, engaged in actions to harass Plaintiff, who at the time was known by Defendants to be and/or suspected to be a person with known or perceived disabilities, a medical condition, and/or a physical condition, and at the age of fifty-seven (57), a person to be over the age of forty (40), and having other protected characteristics.

74.    Defendants created a hostile work environment and by failing to prevent said acts from occurring and instead encouraged, supported, ratified, condoned, and awarded such wrongful conduct on the part of its managing agents KENT and PIETRZAK.

75.    Defendants terminated Plaintiff's employment based on her protected characteristics. Defendants conduct includes targeting Plaintiff for termination, increasing her work load in an effort to manufacture a reason to terminate her employment, moving her and reassigning her to a new position and intentionally and purposefully failing to adequately and timely prepare and train Plaintiff to perform the required duties of the new position; causing plaintiff extreme mental and emotional

20

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

distress, terminating Plaintiff's employment under the pretext that she is failing to meet expectations of the newly assigned job position; and accusing Plaintiff of falsifying her applications for leaves of absence, when in fact her applications were thoroughly reviewed and analyzed and approved by The Hartford,  Defendants' own third party administrator of the leave of absence program.

76.    Defendants' intent and purpose was to overwhelm plaintiff with a cascade of extremely difficult employment situations that would have made it impossible for an employee to meet and understand and/or to effectively perform the employee's job duties; and in fact, Defendants successfully accomplished their intent. Defendants and each of them overwhelmed plaintiff with extremely difficult situations and demands regarding a move and reassignment to a new position, previously completely unknown to plaintiff, thereby determining that plaintiff could not perform the demanded job duties and responsibilities, when in fact Plaintiff performed the duties as expected of other employees who were retained as employees and many times promoted over Plaintiff.

77.    Defendants' conduct was undertaken, authorized, condoned, supported, encouraged, awarded, and/or ratified by Defendants managers and supervisors and other officers, directors and/or managing agents of DEFENDANT EMPLOYERS that had control over the terms and conditions and privileges of Plaintiff's employment; therefore, DEFENDANT EMPLOYERS are strictly liable for said conduct. Alternatively, Defendants' officers, directors and/or managing agents knew of and were aware of the harassing conduct against Plaintiff yet no actions were undertaken to prevent harassment of Plaintiff.

78.    DEFENDANT EMPLOYERS are liable for the conduct because the harassers were managers, supervisors, and/or all of Defendants' managing agents and/or because DEFENDANT EMPLOYERS knew and/or should have known of the conduct and failed to prevent it and/or ratified and/or condoned it.

79.    Plaintiff believes that, *inter alia,* her disabilities, age, race, color, gender,

sex, and/or protected activities were the cause of the unwanted harassing conduct described herein. The actions were sufficiently severe or pervasive to alter the term, conditions, and privileges of employment and thereby constituted a hostile work environment in violation of law.

80.   As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the amount of which will be proven at trial.  All Defendants knew and/or had reason to know of the conduct of the other Defendants and all Defendants in fact, condoned, ratified, approved, and supported the conduct of all other Defendants.

81.   DEFENDANT EMPLOYERS, and all Defendants,  through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, with a conscious disregard of the rights of Plaintiff; therefore, Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

82.   Plaintiff has incurred and continues to incur costs and attorneys' fees, to which Plaintiff is entitled to recoverin an amount according to proof at the time of trial.

### FIFTH CAUSE OF ACTION

**Retaliation – Violation of Title VII, ADEA, and Americans With Disabilities Act, and Family and Medical Leave Act**

**Against All Defendants, Inclusive**

83.   Plaintiff realleges, and by this reference, hereby incorporates the allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

84.   Federal civil rights laws provide that it is unlawful for an employer to discriminate against any person because the person has engaged in protected activities under Title VII, the ADEA, the ADA, and the Family and Medical Leave Act

("FMLA").

85.    Cited federal law also provides that it is unlawful for an employer to retaliate or otherwise discriminate against a person for requesting accommodation under the law, regardless of whether the request was granted.

86.    Plaintiff engaged in more than one protected activity under the cited federal laws and provisions and the ultimate termination of her employment, including that she requested reasonable accommodations for her disabilities, reported her disability and the need for accommodations, and applied for, was granted, and took a medical and personal leave of absence.

87.    DEFENDANT EMPLOYERS and all other Defendants retaliated against Plaintiff by, *inter alia,* moving and reassigning Plaintiff to a new and previously unknown position, for which Defendants and all of them knowingly, intentionally and purposefully failed to adequately prepare and train Plaintiff to understand and meet the demands of the newly reassigned position with the intent that Plaintiff would fail at the new position and/or that defendants would simply falsely state that plaintiff was performing below expectations, and thereafter, knowingly, intentionally, and willfully terminated her employment and have failed and refused to rehire Plaintiff.

88.    As a proximate result of DEFENDANT EMPLOYERS' actions, Plaintiff has suffered and continues to suffer aggravation of injuries, substantial past and future loss of earnings, loss of entitlement to employment benefits, humiliation, embarrassment, severe mental and emotional distress and discomfort, all in excess of the minimum jurisdictional amount of this Court, the amount of which shall be demonstrated at trial. Plaintiff claims such amounts as damages together with pre-judgment interest pursuant to any provision of law providing for pre-judgment interest.

89.    All Defendants knew and/or had reason to know of the conduct of the other Defendants and all Defendants in fact, condoned, ratified, approved and supported the conduct of all other Defendants.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

90.     In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and with reckless disregard of the rights of Plaintiff; therefore, Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

91.     Plaintiff has also incurred and continues to incur costs, expenses, and attorneys' fees and is entitled to recover said costs and fees in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

**Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation - Violation of Title VII, ADEA, and Americans With Disabilities Act, and Family and Medical Leave Act**

**Against All Defendants, Inclusive**

92.     Plaintiff realleges and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

93.     DEFENDANT EMPLOYERS failed to prevent the alleged acts of discrimination, harassment, and retaliation towards Plaintiff, in violation of federal law. The failure to undertake a prompt and adequate investigation and complete failure to prevent the  alleged  acts of discrimination and retaliation constitutes an unlawful employment practice. Such conduct has resulted in damage and injury to Plaintiff, as alleged herein.

94.     As a proximate result of DEFENDANT EMPLOYERS' violation of applicable federal law, plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to applicable legal authority providing for pre-judgment interest.

95.     All Defendants knew and/or had reason to know of the conduct of the other Defendants and all Defendants in fact, condoned, ratified, approved of and supported the conduct of all other Defendants.

96.     In doing the acts alleged herein, DEFENDANT EMPLOYERS  and all Defendants, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in reckless and  conscious disregard of the rights of Plaintiff; therefore, Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

97.     Plaintiff, who has incurred and continues to incur costs, attorneys' fees, and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

### Wrongful Discharge in Violation of Public Policy

### Against All Defendants, Inclusive

98.     Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

99.     The herein described conduct of Defendants constitutes discrimination, harassment, retaliation, and wrongful termination of Plaintiff in violation of public policy embodied in the federal civil rights laws, as codified, and cited.

100.     As a proximate result of DEFENDANT EMPLOYERS' and all other Defendants' actions, Plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of this Court's jurisdictional minimum, to be proven at trial.

101.     As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

102.    All Defendants knew and/or had reason to know of the conduct of the
other Defendants and all Defendants in fact, condoned, ratified, approved of and
supported the conduct of all other Defendants.

103.    In doing the acts herein alleged, DEFENDANT EMPLOYERS, through
their officers, directors, and/or managing agents, acted with oppression, fraud, malice,
and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is entitled to
punitive damages in an amount according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress,

### Against all Defendants, Inclusive

104.    Plaintiff realleges, and by this reference, hereby incorporates all
allegations of previous and subsequent paragraphs of this Complaint, as though fully
set forth herein.

105.    The conduct of Defendants, and each of them, as set forth herein was so
despicable, extreme, and outrageous that it exceeded the boundaries of a decent
society and was intended to cause Plaintiff severe emotional distress and/or was done
willfully, intentionally, and purposefully and in conscious disregard of the probability
of causing Plaintiff severe emotional distress.  Defendants' conduct violated the
provisions of the federal civil rights laws and the State of California's  Fair
Employment and Housing Act, as codified in *Govt. Code* §§ 12900-12996, in direct
violation of federal and state law and public policy that an employer shall act in good
faith and engage in fair dealing as regards its employees.

106.    Defendants' conduct and specifically that of their supervisors and
managing agents, KENT and PIETRZAK, was intended to falsely accuse Plaintiff of
fraudulently and  intentionally failing to keep Defendants KENT and PIETRZAK
apprised of Plaintiff's application for leave of absence and yet as known to said
Defendants, Plaintiff timely and properly submitted her completed application for
leave of absence to The Hartford , Defendants' own third party administrator of

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Defendants' leave of absence program.  KENT and PIETRZAK, nevertheless, intentionally, willfully, knowingly, and purposefully sought to and did seek to inflict severe emotional distress upon plaintiff by forcing plaintiff to believe that Defendants and specifically KENT and PIETRZAK, on behalf of ALL of the other Defendants, had reason to believe and did believe that plaintiff had falsified her application for leave of absence and deserved to be fired.

107.   Defendants KENT and PIETRZAK abused their positions of power over Plaintiff, were aware and knowledgeable of Plaintiff's vulnerabilities, knew that firing plaintiff after her 25+ continuous, without interruption, loyal, dedicated, and exemplary years of employment with Defendants would likely and with substantial certainty, cause Plaintiff, and any other person in Plaintiff's position, severe emotional damage and harm, and with this knowledge and intent to cause Plaintiff harm and with conscious disregard for Plaintiff's health and well-being, promptly, unceremoniously, and with no notice whatsoever to Plaintiff, terminated plaintiff's employment with claims to Plaintiff that she deserved to be fired.

108.   KENT and PIETRZAK never provided Plaintiff with the opportunity to complete a Performance Improvement Plan.  Defendants submitted a PIP to Plaintiff under the pretext that plaintiff would be entitled to a PIP, and that Defendants would engage in a PIP with Plaintiff, however, KENT and PIETRZAK, on behalf of and in collusion with each other and all other Defendants, never allowed Plaintiff to engage in a PIP and instead promptly fired Plaintiff without cause and in direct contravention of the established policies and procedures of Defendants' companies, with whom Plaintiff had been loyally employed for more than twenty-five (25) years.

## NINTH CAUSE OF ACTION

### Defamation

### Against All Defendants, Inclusive

109.   Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully

set forth herein

110.    Defendants and each of them willfully, knowingly, intentionally, and purposefully falsely claimed that plaintiff's work performance was poor, failed to meet expectations, was fraudulent in her requests for leaves of absence, and justified complete termination of her employment after more than twenty five (25) years as an exemplary employee.    Defendants knew their statements and claims about Plaintiff were false but nevertheless made and published the statements in a non-confidential forum and thus, published Defendants' false statements about Plaintiff and her veracity to third parties.

111.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer, *inter alia*, severe humiliation, embarrassment, and substantial damage to her name, and to her reputation, both personally and professionally, and to her good will and her good name as a trusted member of her community and of her society, and other damages not yet ascertained, all in an amount according to proof at the time of trial.

112.    In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

## TENTH CAUSE OF ACTION

### For Declaratory and Injunctive Relief

### Against All Defendants, Inclusive

113.    Defendants have violated Title VII, and other applicable federal civil rights statutes and laws and will continue to violate said laws if not enjoined, because all defendants maintain policies, programs and classifications that impermissibly discriminate on the basis of race, color, sex, age, and medical and/or physical disability. Accordingly, defendant has taken personnel actions in violation of Title VII's and other federal laws' mandates that employees be free from any discrimination

based on race, color, religion, sex, age, or national origin, and/or medical and/or physical disability.

114.    Accordingly, plaintiff respectfully requests that the Court enter a judgment for plaintiff and award the following relief:

a.  A permanent injunction prohibiting defendants, and all of them, including their  employees, agents, officers, representatives and servants from discriminating on the basis of  race, color, sex, age, to make hiring, promotion and other employment decisions;

b.  A declaratory judgment that defendants, and all of them, violated, and is violating, plaintiff's rights under Title VII and other applicable cited federal laws;

c.  An award to plaintiff for attorney's fees and costs of suit; and

d.  (d) An award of such other relief as the **court** may deem just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff NATASCHA J. CROSS prays for judgment against Defendants, and each of them, as follows:

1.  For past and future compensatory damages, in an amount greater than the jurisdictional requirement of this Court, according to proof;

2.  For pre-judgment and post-judgment interest at the legal rate allowed by statute;

3.  For exemplary and punitive damages, according to proof;

4.  For injunctive, equitable, and declaratory relief;

5.  Attorneys' fees and costs of suit, pursuant to the provisions of the *Government Code* and other applicable statutes;

6.  For such other and further relief as allowed by law; and,

7.  For such other and further relief as the Court deems just and proper.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    DATED: June 9, 2025                      **LOPEZ McHUGH LLP**

2

3                                            By:    */s/ Christina A. Fountain*
                                                    Christina A. Fountain
4                                                   Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury.


DATED: June 9, 2025                    **LOPEZ McHUGH LLP**


                                       By:    */s/ Christina A. Fountain*
                                              Christina A. Fountain
                                              Attorney for Plaintiff

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**