Christina A. Fountain, CA Bar No. 111220
**LOPEZ McHUGH LLP**
214 Flynn Avenue
Moorestown, NJ  08057
Telephone: (949) 737-1501
Facsimile:  (949) 737-1504
cfountain@lopezmchugh.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASCHA J. CROSS,<br><br>Plaintiff,<br><br>v.<br><br>PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES, also known as PRINCESS CRUISES, a corporation; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES, a corporation; HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE, a business entity, form unknown; CUNARD LINE, also known as CUNARD, a business entity, form unknown; AMANDA KENT, an individual; TIFFINEY PIETRZAK, an individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case NO.:  2:25-cv-05233-CV-MAR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Discrimination in Employment – Violation of the ADEA and Title VII<br>2. Failure to Provide Reasonable Accommodation – Violation of Americans With Disabilities Act<br>3. Failure to Engage in Timely Good Faith Interactive Process – Violation of Americans With Disabilities Act<br>4. Harassment in Employment – Violation of Title VII<br>5. Retaliation – Violation of Title VII, ADEA, Americans With Disability Act<br>6. Retaliation – Violation of Family Medical Leave Act<br>7. Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation - Violation of Title VII, ADEA, Americans With Disability Act<br>8. Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation - Violation of Family Medical Leave Act<br>9. Wrongful Discharge in Violation of Public Policy;<br>10. Intentional Infliction of Emotional Distress; and |

1

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

11. Defamation

**[DEMANFOR JURY TRIAL]**

Plaintiff, NATASCHA J. CROSS, herby demands a jury trial and brings this action against Defendants PRINCESS CRUISE LINES, LTD. dba P&O PRINCESS CRUISES also known as PRINCESS CRUISES; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES; HOLLAND AMERICA GROUP also known as HOLLAND AMERICA LINE; CUNARD LINE also known as CUNARD; AMANDA KENT; and TIFFINEY PIETRZAK; (collectively referred to as  "Defendants," and/or "DEFENDANT EMPLOYERS," unless otherwise noted) for equitable and injunctive relief, damages, and costs and attorneys' fees, as allowed by law,  as a result of Defendants' willful and unlawful conduct in violation of law and public policy and alleges, as follows:

1.    This action seeks redress for, *inter alia*, violation of rights guaranteed under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §§ 621 *et seq*. ("ADEA") and the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e, as amended,  *et seq*. ("Title VII").

## JURISDICTION,  VENUE, AND  CITIZENSHIP OF PARTIES

2.    This court has subject matter jurisdiction of this action pursuant to 28 U.S.C.A. §§1331 and 1343(a)(4), 42 U.S.C.A. §§2000e-16(d) and 2000e-5(f)(3) and the Declaratory Judgment Act at 28 U.S.C.A. §2201, the Americans with Disabilities Act, and the Family and Medical Leave Act.

3.    Venue is  proper in this district pursuant to 28 U.S.C.A. §1391 and 42 U.S.C.A. §2000e-5(f)(3).

4.    Plaintiff is an American citizen, aged approximately fifty-seven (57) years, seeking all equitable and compensatory relief allowed pursuant to the ADEA and Title VII, including reinstatement and back pay, together with all other relief, including costs and attorney's fees, to which plaintiff may be entitled.  Plaintiff is a resident of the City

2

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

of Santa Clarita, County of Los Angeles, State of California.  The individual defendants are residents of the County of Los Angeles, in the State of California.  The business and corporate defendants, at all times relevant to this action, either reside in and/or are licensed to conduct their principal business in the city of Santa Clarita, County of Los Angeles, State of California, and the defendants' unlawful conduct, as alleged herein and at all times relevant to this action, is believed to be and is alleged to occur and/or to have occurred at all times relevant to this action, in the City of Santa Clarita, County of Los Angeles, State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.       Plaintiff exhausted her administrative remedies by filing a Complaint of Discrimination against defendants with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding the claims alleged in this action. The EEOC issued a right-to-sue letter pursuant to plaintiff's request.

## GENERAL ALLEGATIONS

6.       Plaintiff, NATASCHA J. CROSS was at all times relevant to this action employed for more than twenty-five (25) consecutive and uninterrupted years as an exemplary, loyal, and dedicated employee of Defendants PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES also known as PRINCESS CRUISES; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES; HOLLAND AMERICAN GROUP also known as HOLLAND AMERICA LINE, and CUNARD LINE also known as CUNARD, inclusive, until on or about January 11, 2024, whereupon Defendants and all of them willfully, consciously, intentionally, wrongfully, and in violation of law terminated Plaintiff's employment, without just cause.

7.       Defendants AMANDA KENT and TIFFINEY PIETRZAK were employed by the business defendants as managing agents, officers, directors, and/or supervisory personnel managers and acted as the supervisors of plaintiff during a portion of the time plaintiff was employed with defendants and/or at all times relevant

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

to this action and were the individual defendants that, on behalf of all other defendants, created an unlawful pretext for firing plaintiff and terminating her employment, without just cause. Defendants KENT and PIETRZAK also communicated defamatory remarks about plaintiff to third parties not related to plaintiff's employment. Plaintiff also suffered from a medical and physical disability for which plaintiff required reasonable accommodation, in her employment and had requested, was granted, and taken proper medical leave within months before defendants unlawfully and wrongfully terminated plaintiff's employment.

8.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this action Defendant PRINCESS CRUISE LINES, LTD dba P&O PRINCESS CRUISES aka PRINCESS CRUISES  ("PRINCESS") is and was a subsidiary of Defendant CARNIVAL CORPORATION dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES ("CARNIVAL"), with its headquarters and principal place of business located at 24305 Towne Centre Drive, Suite 130, in the City of Santa Clarita, County of Los Angeles, State of California.  Defendant PRINCESS was plaintiff's employer and/or joint employer at all times relevant to this action.

9.      Plaintiff is informed and believes, and thereon alleges that, at all times relevant to this action, Defendant CUNARD LINE aka CUNARD ("CUNARD") is and was a subsidiary of Defendant CARNIVAL, with its headquarters and principal place of business located at 24305 Towne Centre Drive, Suite 130, in the City of Valencia/Santa Clarita, County of Los Angeles, State of California, and was plaintiff's employer and/or joint employer during all times relevant to this action.

10.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this action Defendant CARNIVAL is and was a corporation authorized to operate and to conduct and do business at 24305 Towne Centre Drive, Suite 130, in the City of Santa Clarita, County of Los Angeles, State of California, and was plaintiff's employer and/or joint employer during all times relevant to this action.

4

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

11. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this action Defendant HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE ("HOLLAND") is and was a business entity, the form of which is currently unknown to plaintiff, authorized to operate and conduct business independently and/or under the auspices of CARNIVAL and/or PRINCESS, in the City of Sanat Clarita, County of Los Angeles, State of California and was plaintiff's employer and/or joint employer during all times relevant to this action.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, Defendant AMANDA KENT, an individual, ("KENT") is and was a resident of the city of Santa Clarita, County of Los Angeles, State of California, and at all times relevant to this action, is and was and acted in the capacity of an authorized managing and/or supervisory agent, and director of Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, and on behalf of defendants, acted as plaintiff's supervisor and/or manager during the relevant time period of plaintiff's employment with defendants and at the direction of, on behalf of, and in collusion with TIFFINEY PIETRZAK and all other DEFENDANT EMPLOYERS unlawfully, intentionally, and wrongfully terminated plaintiff's employment with DEFENDANT EMPLOYERS, without just cause, in violation of law.

13. Plaintiff is informed and believes, and thereon alleges that at all times relevant to this action defendant TIFFINEY PIETRZAK, an individual, ("PIETRZAK") is and was a resident of the city of Santa Clarita, County of Los Angeles, State of California and at all times relevant to this action, is and was and acted in the capacity of an authorized managing and/or supervisory agent, and director of Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, and on behalf of defendants, acted as Plaintiff's supervisor and/or manager during the relevant time period of plaintiff's employment with defendants and at the direction of, on behalf of,

5

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

and in collusion with defendant KENT and all other DEFENDANT EMPLOYERS unlawfully, intentionally, and wrongfully terminated plaintiff's employment with DEFENDANT EMPLOYERS, without just cause, in violation of law.

14.    Defendants KENT and PIETRZAK willfully, intentionally, and knowingly colluded and schemed with each other on their own accord and/or with, and/or on behalf of, Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, to unlawfully and wrongfully terminate plaintiff's employment with Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other DEFENDANT EMPLOYERS whose names and/or identities are currently unknown to plaintiff, inclusive.  Defendants KENT and PIETRZAK knew that plaintiff was a dedicated, hardworking, exemplary, acclaimed, and loyal employee of DEFENDANT EMPLOYERS for more than twenty five (25) years, suffered from a recognized medical physical disability that required reasonable accommodation, and had taken a properly approved  leave of absence due to a health condition in the months prior to January 11, 2024, the date on which Defendants KENT and PIETRZAK wrongfully and unlawfully terminated plaintiff's employment, on behalf of themselves and all other defendants.

15.    At the time plaintiff's employment was terminated, she had been employed with defendants for many years longer than either KENT or PIETRZAK, both of whom had been promoted over plaintiff notwithstanding plaintiff's requests seeking promotion in her employment.

16.    Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, KENT, PIETRZAK, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, were at all times relevant to this action, employers and/or joint employers and/or authorized acting managing agents of Defendants PRINCESS, CARNIVAL, HOLLAND, CUNARD, and all other defendants, whose names and/or identities are currently unknown to plaintiff, inclusive, through the date

6

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

of the wrongful termination of plaintiff's employment, in violation of law, public policy, and DEFENDNAT EMPLOYERS' established policies and procedures.

17. Plaintiff is informed and believes and based thereon alleges, that she may be ignorant of the true names, identities, and capacities of all possible defendants and will seek leave to amend this Complaint to allege the true names, identities, and capacities, whether individual, corporate, or business, of said defendants, when ascertained. Plaintiff is informed and believes and thereon alleges that each of these defendants is responsible for the occurrences alleged herein, and that plaintiff's damages and injuries as alleged herein were proximately caused by the actions and conduct of said defendants.

18. Plaintiff is informed and believes and, based thereon, alleges that at all times relevant to this action, each and every defendant whether named or to be named, was acting as an agent, parent, subsidiary, employee, managing agent, alter ego, joint venturer, joint employer, and/or integrated enterprise for and/or with each of the other defendants and each defendant and all of them colluded with and/or conspired together to commit the wrongful and unlawful acts and conduct alleged herein, and/or acted within the course and scope of their actual and/or apparent authority and/or each and every defendant ratified and/or condoned the conduct of each and every other defendant such that each and every defendant is liable and/or responsible for the unlawful and wrongful conduct and acts of each and every of the other defendants as regards plaintiff's employment, the wrongful termination of said employment, and the damages suffered by plaintiff, all of which are the proximate result of defendants' actions.

19. Plaintiff is informed and believes and thereupon alleges that each defendant is so interrelated with each and every other defendant such that they constitute one entity and/or enterprise for purposes of establishing the responsibility and liability of each and every defendant. Plaintiff is informed and believes and as such, alleges that each and every defendant exercises and/or exercised such control over the other defendant(s), including as to corporate decision-making, such that said defendants

7

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

constitute and should be treated as one entity and/or enterprise for purposes of establishing liability with respect to the actions and conduct and injuries and damages, as alleged herein and will be shown at trial.

20.     Each and every allegation herein as regards the actions and/or conduct of each and every defendant, whether as an individual defendant and/or a co-defendant, whenever and wherever reference is made in this Complaint to any act or failure to act by any defendant and/or co-defendant, such allegations and references are and shall be deemed to refer to the acts and/or failures to act by each and every other defendant whether acting individually, jointly, and/or severally, and/or in collusion with the others.

21.     Plaintiff is informed and believes and based thereon alleges that, at all times relevant to this action, each and every defendant and/or its respective officers, directors, agents, employees, managing agents, and/or supervisors, authorized, condoned, and/or ratified the wrongful and/or unlawful conduct of each and every other defendant.

22.     Plaintiff is informed and believes and based thereon alleges that, at all times relevant to this action, defendants and/or their respective agents, parent, subsidiary, employees, officers, directors, managing agents and/or supervisors knew and/or reasonably should have known that unless they intervened to protect plaintiff from the wrongful and unlawful conduct of the other defendants, and to adequately supervise, regulate, discipline, and/or otherwise control and/or penalize the conduct of the managing agents, supervisors, and employees of Defendants as alleged herein, all of the other and/or remaining defendants, employees, officers, directors, managing agents, and supervisors, perceived the wrongful and/or unlawful conduct and omissions as being ratified and condoned by each and all of the other defendants.

23.     Defendants manufactured a pretext for terminating plaintiff's employment. Within months of terminating plaintiff's employment, defendants, *inter alia,* moved and reassigned plaintiff to a brand new position, a position with duties, obligations, and

8

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

functions never before previously known to plaintiff and for which defendants knowingly, willfully, intentionally, purposefully, and with conscious disregard for plaintiff's rights never adequately informed plaintiff of the duties and requirements of the new position and/or never adequately prepared and/or trained plaintiff for the new position such that the sole purpose was to unfairly and wrongfully cause plaintiff to experience difficulty meeting the duties and requirements of the new position and/or to experience difficulty achieving the unreasonable expectations and evaluations of her performance in the new position, such as the "Meets Expectations" and/or "Exceeds Expectations" levels at which plaintiff had consistently for many years been evaluated in the previous positions in which she worked prior to being reassigned to the new never-before-known position to which plaintiff had been reassigned without any adequate preparations and/or training. Defendants' actions in reassigning plaintiff to a new position and in creating a pretext for unlawfully and wrongfully firing plaintiff by falsely evaluating plaintiff at the "Fails to Meet Expectations" level were for the principal purpose of creating a pretext for terminating Plaintiff's employment, suddenly without any notice, without just cause, and in violation of the protections of the ADEA and Title VII.

24.    Defendants also knowingly, willfully, intentionally, and purposefully failed to engage in and/or implement their own established policies and procedures regarding a graduated disciplinary process such that defendants, and all of them, failed and refused to provide plaintiff with a Performance Improvement Plan ("PIP"), as required under defendants' own established employment policies and procedures. Defendants knowingly, willfully, intentionally, and purposefully failed to apply to plaintiff the said established policies and procedures regarding the graduated disciplinary process and a PIP to which defendants, and all of them, applied to all other employees to whom plaintiff should have been considered similarly situated but who were not of plaintiff's race, gender, age, and or physical disability.  Plaintiff's suffering and damages are the proximate result of Defendants' actions and conduct unlawfully

9

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

discriminating against plaintiff on the basis of her race, gender, age, and physical disability. Defendants further knowingly, intentionally, and purposefully required plaintiff to reach certain levels, milestones, and/or achievements in the new position to which she was reassigned that were not required of any other employees who are and/or were not members of the protected classes of which plaintiff is a member. Defendants' conduct in this regard was intended and undertaken solely for the purpose of creating a pretext for unlawfully terminating plaintiff's employment.

25.    Defendants, and all of them, also wrongfully and unlawfully terminated plaintiff's employment for the sole purpose of, *inter alia*, unjustly and wrongfully depriving plaintiff of her duly earned and fully vested retirement benefits, offered to all of defendants' employees who, like plaintiff, remained employed with defendants for twenty-five-plus (25+) years, continuously and without interruption, and to which plaintiff was entitled and fully vested and/or would have fully vested only a mere couple months after defendants, without notice and/or without just cause, suddenly terminated plaintiff's employment without providing plaintiff the opportunity to improve any perceived shortcomings in plaintiff's performance in the newly reassigned position through a PIP, as required under defendants' own established employment policies and procedures.

26.    Plaintiff is informed and believes and thereupon alleges that at all times relevant to this action, DEFENDANT EMPLOYERS and each of them regularly employ and/or have regularly employed more than forty thousand (40,000) employees and as such, each and every of one of the DEFENDANT EMPLOYERS and/or Defendants, and any person acting as an agent of an employer, directly or indirectly, is subject to the provisions of Title VII and the ADEA.

27.    Plaintiff is informed and believes and based thereon alleges that, at all times relevant to this action, defendants and/or their respective directors, agents, employees, parent, subsidiary, managing agents, and/or supervisors, knowingly, willfully, intentionally, and purposefully authorized, condoned and/or ratified the

10
**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

discriminatory, unjust, wrongful, and unlawful conduct of each and every other Defendant.

28.     Plaintiff is informed and believes and based thereon alleges that, at all times relevant to this action, defendants and/or their respective directors, agents, employees, managing agents, and/or supervisors compelled, coerced, aided, and abetted the discrimination suffered by plaintiff at the hands of each and every defendant.

29.     Throughout her twenty-five (25) year career with defendants, plaintiff performed her many duties and responsibilities in an exemplary manner in the different capacities and positions she held.  Plaintiff earned excellent reviews and evaluations and the commendations of her customers and supervisors. With the exception of minor attendance issues early in plaintiff's career regarding being tardy to work by mere minutes, an additional manner in which defendants discriminated against plaintiff as to the terms and conditions of her employment, no disciplinary action was ever taken against plaintiff, nor were any complaints  ever leveled against plaintiff regarding the manner in which she performed her duties and responsibilities.

30.     Within the year prior to the termination of plaintiff's employment, she suffered serious health issues related to her physical disability and required an extended period of absence from work. Plaintiff submitted her application for leave of absence to The Hartford, a third party designated by defendants to administer employee leaves of absence.  The Hartford expressly approved plaintiff's application for a leave of absence. Notwithstanding that her leave of absence was expressly approved, plaintiff's supervisors and managers reprimanded and discriminated against plaintiff for taking her leave of absence due to her recognized physical disability and medical condition, and created an unlawful pretext for terminating plaintiff's employment.

31.     KENT and PIETRZAK, with the express and apparent authority of all other defendants, acted with ill will and hatred toward plaintiff due to plaintiff's race, gender, age, and physical disability.  KENT and PIETRZAK acted under the belief that they would not be held responsible for the wrongful and despicable conduct  to which

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

they subjected plaintiff.

32. Plaintiff is a woman of African American race, heritage, and descent. At all times relevant to this action, plaintiff was older than forty (40) years. Plaintiff is informed and believes, and based thereon alleges, that other employees, not members of the protected classes of which plaintiff is a member, have been granted and allowed medical leaves of absence, without adverse consequences, in circumstances similar to those under which plaintiff required a leave of absence.

33. As a result of the wrongful discharge from her employment, plaintiff has suffered great harm, including the loss of income as well as the loss of medical, retirement, and life insurance benefits.

34. Defendant's actions constitute an unlawful discharge based on plaintiff's age, race, gender, and physical disability in violation of the provisions of the ADEA, ADA, and Title VII.

35. Plaintiff began her employment with defendants on or about July 13, 1998, and remained lawfully employed as such at all times relevant to this action and during which plaintiff was under defendants' direction and control under an appointment or contract of hire, that was express, implied, and/or written or oral, until January 11, 2024 when defendants wrongfully, unlawfully, and without just cause, terminated plaintiff's employment.

36. At all times relevant to this action, plaintiff suffered from a physical disability that affects one or more of the body systems and limited a major life activity.

37. Defendants, and all of them, unjustly and wrongfully terminated plaintiff's employment on or about January 11, 2024, after twenty-five (25) years and six (6) months of plaintiff's exemplary employment with defendants. Defendants' actions and conduct subjected plaintiff to an adverse employment action and/or engaged in a course and/or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, and/or privileges of plaintiff's employment and to which plaintiff was entitled.

12

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

38.     Plaintiff's employment was terminated by Defendants, and each of them, without just cause, and for unlawful, unjust, discriminatory, retaliatory reasons. Plaintiff was also subject to unlawful harassment and retaliation during the span of her employment with defendants.

39.     Plaintiff suffers from a medical disability and/or a physical disability that affects a major life activity and for which plaintiff requested and was entitled to reasonable accommodation.  Plaintiff was an older worker over the age of forty (40) years at the time her employment was unlawfully terminated.  Plaintiff is a woman of African-American descent. Younger workers and employees were hired and given positions to which plaintiff was entitled.  Non-African-American and/or male workers and employees were not targeted for firing but were awarded with and granted employment terms and conditions and positions to which plaintiff was lawfully entitled. The termination of plaintiff's employment was not the result of a lawful reduction in force (RIF) but was an individually targeted firing based upon plaintiff's race, gender, age, and/or medical disability, and in defendants' words, taking an extended leave of absence.

40.     Plaintiff had consistently earned and received exemplary evaluations and reviews for years prior to her employment being unlawfully and unfairly terminated for no just cause but for unfair, wrongful, and discriminatory reasons.

41.     Plaintiff applied for, was approved to, and did take a leave of absence from August 29, 2022 to December 31, 2022.  Defendants' third party administrator, The Hartford, reviewed and approved plaintiff's duly submitted application for leave of absence. Defendants and all of them retaliated against plaintiff on the basis of plaintiff's age, medical disability, gender, and race, in undertaking conduct and actions that resulted in plaintiff suffering adverse employment conditions.

///

///

13
**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## FIRST CAUSE OF ACTION

**Discrimination in Employment - Violation of the ADEA and Title VII Against Defendants, PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES, also known as PRINCESS CRUISES, a corporation; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES, a corporation; HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE, a business entity, form unknown; CUNARD LINE, also known as CUNARD, a business entity, form unknown, and DOES 1 through 10, Inclusive**

42.   Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

43.   Title VII makes it is an unlawful employment practice for an employer to refuse to hire or employ a person, or to discriminate against a person as to the compensation, and the terms, conditions, and/or privileges of employment on the basis of, "race, color, religion, sex, or national origin."  Title VII also prohibits an employer from retaliating against an employee when they assert their rights under the law.  The ADEA makes it unlawful to discriminate against a worker based upon that worker's age.

44.   Defendants and all of them discriminated against Plaintiff with respect to her compensation, and the terms, conditions, and/or privileges of plaintiff's employment on the basis of, *inter alia*, plaintiff's race, color, sex, gender, and age. None of the identified protected classes of which plaintiff is a member and for which defendants discriminated against Plaintiff, rendered plaintiff unable to perform the essential duties of plaintiff's employment.

45.   Plaintiff is informed and believes and thereupon alleges that during all times relevant to this action, DEFENDANT EMPLOYERS and each of them regularly employ and/or have regularly employed at least five (5) employees and in fact did and

14

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

currently do employ more than forty thousand (40,000) employees and as such, each and every of one of the DEFENDANT EMPLOYERS and/or Defendants, and any person acting as an agent of an employer, directly or indirectly, is subject to the provisions of the ADEA and Title VII.

46.    Defendants engaged in unlawful employment practices by terminating plaintiff from her position and failing to rehire her based on plaintiff's race, color, sex, and age, and/or for engaging in protected employment activities. Plaintiff is informed and believes and thereupon alleges that plaintiff's disability (actual or perceived), medical condition and/or  physical condition, that materially affected a major life activity, her age of greater than 40 years, and/or engaging in protected activities, such as, *inter alia*, but not limited to, seeking and obtaining proper approval for a leave of absence, were substantial and motivating factors in defendants' decisions to deny plaintiff promotions throughout her career employment, despite requesting such promotions and/or being entitled to same, to terminate plaintiff's employment, and failure to rehire her.

47.    Plaintiff is also informed and believes and thereupon alleges that throughout her employment promotions were granted and awarded to persons who are not members of plaintiff's protected classes  and that after plaintiff's employment was terminated her position was filled by a younger person, and/or a person without a physical and or medical condition and/or disability that materially adversely affects a major life activity, was not a person of color, and/or was not a female/woman.

48.    As a direct, foreseeable, and proximate result of defendants' wrongful, unjust, unlawful, and discriminatory acts and conduct, plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, reputational damages, mental and emotional distress and discomfort, all to plaintiff's damage in an amount over the minimum jurisdiction of this Court and to be proven at trial.  Plaintiff claims such an amount as damages together with prejudgment interest pursuant to provision of law providing for pre-judgment interest.

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

49.     Plaintiff, in being forced to bring this action, will incur and be responsible to pay, and as a prevailing party shall be entitled to recover, attorney's fees.

50.     In doing the acts alleged herein, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing and/or supervisory agents, knew and/or had reason to know that plaintiff had been and was an exemplary employee of defendants and had given defendants no reason to terminate plaintiff's employment but instead gave Defendants every reason to promote plaintiff.  Instead of continuing plaintiff's employment, and/or promoting plaintiff during her employment, as defendants had promised plaintiff and all of defendants' employees that said employees would continue to be employed and timely promoted where employees are exemplary, productive and loyal.  Plaintiff remained exemplary, productive, and loyal throughout the entirety of her employment with defendants.

51.     Plaintiff, at all times relevant to  this action, was an exemplary, productive, and loyal employee but instead of promoting and/or continuing plaintiff's employment as defendants do and had always done  to other employees not of the protected classes of which plaintiff is a member, defendants intentionally, wrongfully, unjustly, and purposefully failed and refused to promote plaintiff in her employment and did terminate plaintiff's employment, without notice. Defendants knew and had reason to know that their termination of plaintiff's employment was wrongful, unlawful, unjust, and without just cause but knowingly and intentionally decided to and did terminate plaintiff's employment for the sole reason to rid defendants' offices, and specifically defendants' offices in Santa Clarita, California, of employees such as plaintiff who are members of the protected classes of which plaintiff is a member.

52.     Defendants terminated plaintiff's employment based upon the false statements from KENT and PIETRZAK that plaintiff failed and refused to perform the duties of her job and that her employment must be terminated immediately and without notice and/or without allowing plaintiff the opportunity to improve the intentionally falsely perceived failures regarding plaintiff's work performance.   Defendants knew

16

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

and/or had every reason to know that KENT's and PIETRZAK's statements about plaintiff were false, but defendants knew and/or had reason to know that said statements promoted and supported defendants' intention and purpose to rid defendants' offices, and specifically defendants' Santa Clarita, California offices, of an employee like plaintiff.

53.     Rather than disregard KENT's and PIETRZAK's false statements regarding plaintiff and plaintiff's work performance, defendants and all of them supported, ratified, and condoned the false statements and thereafter did wrongfully, unjustly, and unlawfully terminate plaintiff's employment,  defendants' conduct, actions, and/or failures to act were all done with, and constituted, malice and/or reckless indifference to plaintiff's federally protected rights. and were done in collusion with all other defendants, all in reckless disregard of the rights of plaintiff.   Defendants' knowing, intentional, willful, purposeful, fraudulent, despicable, and malicious conduct entitles  plaintiff to an award of punitive damages pursuant to Title VII and/or Section 1983 to punish defendants' conduct and to deter similar conduct in the future.

54.     All defendants knew and/or had reason to know of the conduct of the other defendants and all defendants in fact, condoned, ratified, approved of and supported the conduct of all other defendants.

## SECOND CAUSE OF ACTION

**Failure to Provide Reasonable Accommodation-**

**Violation of Americans With Disabilities Act**

**Against Defendants, PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES, also known as PRINCESS CRUISES, a corporation; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES, a corporation; HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE, a business entity, form unknown; CUNARD LINE, also known as CUNARD, a business entity, form unknown, and DOES 1 through 10, Inclusive**

17

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

55.     Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

56.     Pursuant to the Americans with Disabilities Act ("ADA"),  it is unlawful for an employer to fail to make reasonable accommodations for an employee with a physical, medical, and/or metal disability. The employer also has an affirmative duty to, *inter alia*, inform employees with a disability of other job opportunities and ascertain whether the employee is interested in and/or qualified for said positions. An employer that regards and/or perceives an employee as disabled also carries the duty to provide reasonable accommodations for said employee.

57.     At all times relevant to this action, Plaintiff was with a disability and/or perceived by defendants as disabled. As such, defendants, and all of them were aware of plaintiff's disability and/or regarded Plaintiff as disabled, and had a duty to provide plaintiff with reasonable accommodations.

58.     Plaintiff, who was disabled and/or perceived by defendants to be disabled and /or with a physical condition and/or a medical condition protected by law in the terms, conditions, and privileges of plaintiff's employment, would have benefited from various forms of accommodations which by way of example, but are not limited to,  (1) a specific time period of a leave of absence necessary to recover; (2) interim time off to attend doctors' appointments and receive necessary  treatment; (3) avoidance of  job duties that worsened and/or aggravated plaintiff's condition; and/or (4) not reassigning job duties intended to further aggravate and harm plaintiff's condition.  Said list of accommodations is non-exclusive and known to but never considered or provided by defendants, who unjustly and unlawfully, and without notice, terminated plaintiff's employment.

59.     DEFENDANT EMPLOYERS violated the ADA  by refusing to provide reasonable accommodation for plaintiff's actual or perceived disabilities. Instead, defendants refused and failed throughout the entirety of plaintiff's employment to

18

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

promote plaintiff to positions to which she was entitled and targeted plaintiff for termination of her employment and did terminate her employment.   Defendants intentionally, knowingly, willfully, and purposefully failed and refused to rehire Plaintiff for the position from which she was wrongfully and unjustly fired.

60.    As a proximate result of defendants' unlawful acts and conduct, Plaintiff has suffered and continues to suffer aggravation of injuries, substantial losses in earnings/benefits, humiliation, embarrassment, mental and emotional suffering and distress, and reputational harm, all to plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims these damages together with pre-judgment interest pursuant to all statutory authority that authorizes the recovery of pre-judgment interest.

61.    All defendants knew and/or had reason to know of the conduct of the other defendants and all defendants in fact, condoned, ratified, approved of and supported the conduct of all other defendants.

62.    Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

**Failure to Engage in Timely Good Faith Interactive Process -**

**Violation of Americans With Disabilities Act**

**Against Defendants, PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES, also known as PRINCESS CRUISES, a corporation; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES, a corporation; HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE, a business entity, form unknown; CUNARD LINE, also known as CUNARD, a business entity, form unknown, and DOES 1 through 10, Inclusive**

63.    Plaintiff realleges, and by this reference, hereby incorporates all

19

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

64. The provisions of the ADA make it unlawful for an employer to fail to engage in a timely, good faith interactive process to determine appropriate and reasonable accommodation, if any, for an employee or applicant for employment with a disability, and/or a medical condition, and/or a physical condition that affect a major life activity.  An employer who regards an employee as disabled is also required to engage that employee in a timely, good faith interactive process to determine effective accommodations for the employee's perceived disability. DEFENDANT EMPLOYERS and all defendants had a continuing duty to engage in the interactive process as regards plaintiff's employment.

65. Plaintiff was with a protected disability, and/or a protected physical condition, and/or a protected medical condition within the meaning of the provisions of the ADA. Defendants were aware of plaintiff's disability and/or perceived plaintiff to be disabled.   At all times relevant to this action, DEFENDANT EMPLOYERS failed to engage in a timely, good faith interactive process with plaintiff and wrongfully and unlawfully targeted plaintiff for termination of her employment and in fact, unlawfully and wrongfully terminated her employment. Defendants' intentionally and purposefully failed and refused to rehire plaintiff although the position remained available, and plaintiff is informed and believes and thereupon alleges that defendants filled the position with a substantially younger, and/or non-disabled, and/or non-African American, and/or male person, none of whom, like plaintiff, were within months of or had exceeded the vesting of lifetime retirement benefits promised by defendants and to which plaintiff was entitled due to her exemplary, dedicated, and loyal employment of more than twenty-five 25 years.

66. Defendants knew Plaintiff was lawfully entitled to be allowed to engage in the interactive process but defendants knowingly, intentionally, and purposefully decided to deprive plaintiff of the interactive process because defendants were intent

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

on terminating plaintiff's employment without just cause, with the hope and intent that defendants would succeed, with impunity, in violating plaintiff's rights.

67. As a direct, foreseeable, and proximate result of all of defendants' refusal and failure to engage with plaintiff in a required timely and good faith interactive process, plaintiff has suffered and continues to suffer aggravated injuries, substantial loss of employment earnings, employment benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount over the minimum jurisdiction of this Court. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to all legal authority that provides for the recovery of pre-judgment interest.

68. As a further proximate result of defendants' and all of their conduct, as alleged herein, plaintiff has incurred and will continue to suffer, in addition to all of plaintiff's compensatory damages, loss of earnings, loss of retirement benefits, and medical expenses, all in amounts according to proof at trial.

69. All Defendants knew and/or had reason to know of the conduct of the other defendants and all defendants in fact, condoned, ratified, approved, and supported the conduct of all other defendants.

70. In doing the acts alleged herein, DEFENDANT EMPLOYERS, through and with their officers, directors, and/or managing and supervisory agents, acted with oppression, fraud, and malice, and with ill will and hatred toward, and with a conscious and reckless disregard of the rights of, plaintiff. As such, plaintiff is entitled to punitive and exemplary damages in an amount according to proof at trial.

71. Plaintiff has incurred and continues to incur costs and attorneys' fees, and pursuant to the ADA is entitled to recover said costs and fees in an amount according to proof.

///

///

21

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## FOURTH CAUSE OF ACTION

**Harassment in Employment – Violation of Title VII**

**Against Defendants, PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES, also known as PRINCESS CRUISES, a corporation; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES, a corporation; HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE, a business entity, form unknown; CUNARD LINE, also known as CUNARD, a business entity, form unknown, and DOES 1 through 10, Inclusive**

72.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

73.    Pursuant to Title VII, as codified,  it is unlawful for an employer or individual to harass an employee based on, among other things, the employee' s disability (actual or perceived), age, and/or other protected classes of which plaintiff is a member and/or plaintiff's protected activities.

74.    Defendants, and each of them, engaged in actions to harass plaintiff, who at the time was known by defendants to be and/or suspected to be a person with known or perceived disabilities, a medical condition, and/or a physical condition, and at the age of fifty-seven (57), a person to be over the age of forty (40), and having other protected characteristics.

75.    Defendants created a hostile work environment and by failing to prevent said acts from occurring and instead encouraged, supported, ratified, condoned, and awarded such wrongful conduct on the part of its managing agents KENT and PIETRZAK and others, who harassed, ridiculed, made fun of, and demeaned plaintiff personally and in her work performance.

76.    Defendants terminated plaintiff's employment based on her protected characteristics. Defendants conduct includes targeting plaintiff for termination,

22

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

increasing her work load in an effort to manufacture a reason to terminate her employment, moving her and reassigning her to a new position and intentionally and purposefully failing to adequately and timely prepare and train plaintiff to perform the required duties of the new position; causing plaintiff extreme mental and emotional distress, terminating plaintiff's employment under the pretext that she is failing to meet expectations of the newly assigned job position; and accusing plaintiff of committing fraud and falsifying her applications for leaves of absence, when in fact her applications were thoroughly reviewed and analyzed and approved by The Hartford,  the third party that administered defendants' leave of absence program.

77.    Defendants' intent and purpose was to overwhelm plaintiff with a cascade of extremely difficult employment situations that made it impossible for an employee to meet and understand and/or to effectively perform the employee's job duties; and in fact, defendants successfully accomplished their intent.  Defendants and each of them overwhelmed plaintiff with extremely difficult situations and demands regarding the move and reassignment to a new position, that previously was completely unknown to plaintiff, thereby determining that plaintiff could not perform the demanded job duties and responsibilities, when in fact plaintiff performed the duties as expected of other employees who were retained as employees and many times promoted over plaintiff.

78.    Defendants' and all of their conduct, as alleged herein, was undertaken, authorized, condoned, supported, encouraged, awarded, and/or ratified by defendants' officers, directors, supervisory personnel, and/or managing agents that had control over the terms and conditions and privileges of plaintiff's employment. DEFENDANT EMPLOYERS are strictly liable for said conduct of their managerial and supervisory employees. Alternatively, defendants' officers, directors and/or managing agents knew of and were aware of the harassing conduct against plaintiff yet no actions were undertaken to prevent harassment of plaintiff.

79.    DEFENDANT EMPLOYERS are liable for the unlawful conduct

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

because the harassers were managers, supervisors, and/or all of defendants' managing agents and/or because DEFENDANT EMPLOYERS knew and/or should have known of the conduct and failed to prevent it and/or ratified and/or condoned it.

80.     Plaintiff believes that, *inter alia,* her disabilities, age, race, color, gender, sex, and/or protected activities were the cause of the unwanted harassing conduct described herein.   Defendants' actions were sufficiently severe or pervasive to adversely alter the terms, conditions, and privileges of plaintiff's employment and thereby constituted a hostile work environment in violation of law.

81.     As a direct, foreseeable, and proximate result of defendants' actions, Plaintiff suffered and continues to suffer aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount over the minimum jurisdiction of this Court, the amount of which will be proven at trial.  All defendants knew and/or had reason to know of the conduct of the other defendants and all defendants in fact, condoned, ratified, approved, and supported the conduct of all other defendants.

82.     DEFENDANT EMPLOYERS, and all defendants,  through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, with ill will and hated toward, and with a conscious disregard of the rights of, plaintiff.  plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

83.     Plaintiff has incurred and continues to incur costs and attorneys' fees, to which Plaintiff is entitled to recoverin an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

**Retaliation – Violation of Title VII, ADEA, and Americans With Disabilities Act, Against Defendants, PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES, also known as PRINCESS CRUISES, a corporation; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL**

24

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**CRUISES, a corporation; HOLLAND AMERICA GROUP aka HOLLAND
AMERICA LINE, a business entity, form unknown; CUNARD LINE, also
known as CUNARD, a business entity, form unknown, and DOES 1 through 10,
Inclusive**

84.    Plaintiff realleges, and by this reference, hereby incorporates the allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

85.    Federal civil rights laws provide that it is unlawful for an employer to discriminate against any person because the person has engaged in protected activities under Title VII, the ADEA, the ADA, and the Family and Medical Leave Act ("FMLA").

86.    Cited federal law also provides that it is unlawful for an employer to retaliate or otherwise discriminate against a person for requesting accommodation under the law, regardless of whether the request was granted.

87.    Plaintiff engaged in more than one protected activity under the cited federal laws and provisions and the ultimate termination of her employment, including that she requested reasonable accommodations for her disabilities, reported her disability and the need for accommodations, and applied for, was granted, and took a medical and personal leave of absence.

88.    DEFENDANT EMPLOYERS and all other defendants retaliated against Plaintiff by, *inter alia,* moving and reassigning plaintiff to a new and previously unknown position, for which defendants and all of them knowingly, intentionally and purposefully failed to adequately prepare and train plaintiff to understand and meet the demands of the newly reassigned position with the intent that plaintiff would fail at the new position and/or that defendants would simply falsely state that plaintiff was performing below expectations, and thereafter, knowingly, intentionally, and willfully terminated her employment and have failed and refused to rehire plaintiff.

89.    As a proximate result of DEFENDANT EMPLOYERS' actions, plaintiff

25
**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

has suffered and continues to suffer aggravation of injuries, substantial past and future loss of earnings, loss of entitlement to employment benefits, humiliation, embarrassment, severe mental and emotional distress and discomfort, all in excess of the minimum jurisdictional amount of this Court, the  amount of which shall be demonstrated at trial. plaintiff claims such amounts as damages together with pre-judgment interest pursuant to any provision of law providing for pre-judgment interest.

90.    All defendants knew and/or had reason to know of the conduct of the other defendants and, in fact, condoned, ratified, approved and supported the conduct of all other defendants.

91.    In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or supervisory personnel, and/or managing agents, acted with oppression, fraud, malice, and with ill will and   hatred toward, and with a reckless disregard of the rights of, plaintiff.  Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

92.    Plaintiff has also incurred and continues to incur costs, expenses, and attorneys' fees and is entitled to recover said costs and fees in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

**Retaliation – Violation of Family Medical Leave Act Against all Defendants, and DOES 1 to 10, Inclusive**

93.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

94.    Federal civil rights laws provide that it is unlawful for an employer to discriminate against any person because the person has engaged in protected activities under the Family and Medical Leave Act ("FMLA").

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

95. Cited federal law also provides that it is unlawful for an employer to retaliate or otherwise discriminate against a person for requesting accommodation under the law, regardless of whether the request was granted.

96. Plaintiff engaged in more than one protected activity, including requesting reasonable accommodation for her disabilities, reported her disability and the need for accommodation, and applied for, was granted, and took a medical and personal leave of absence, all of which ultimately resulted in the unlawful and wrongful termination of her employment.

97. DEFENDANT EMPLOYERS and all other defendants retaliated against Plaintiff by, *inter alia,* moving and reassigning plaintiff to a new and previously unknown position, for which defendants and all of them knowingly, intentionally and purposefully failed to adequately prepare and train plaintiff to understand and meet the demands of the newly reassigned position with the intent that plaintiff would fail at the new position and/or that defendants would simply falsely state that plaintiff was performing below expectations, and thereafter, knowingly, intentionally, and willfully terminated her employment, without just cause, and have failed and refused to rehire plaintiff.

98. As a proximate result of DEFENDANT EMPLOYERS' actions, plaintiff has suffered and continues to suffer aggravation of injuries, substantial past and future loss of earnings, loss of entitlement to employment benefits, humiliation, embarrassment, severe mental and emotional distress and discomfort, all in excess of the minimum jurisdictional amount of this Court, the  amount of which shall be demonstrated at trial. plaintiff claims such amounts as damages together with pre-judgment interest pursuant to any provision of law providing for pre-judgment interest.

99. All defendants knew and/or had reason to know of the conduct of the other defendants and, in fact, condoned, ratified, approved and supported the conduct of all other defendants.

27

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

100.    In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or supervisory personnel, and/or managing agents, acted with oppression, fraud, malice, and with ill will and   hatred toward, and with a reckless disregard of the rights of, plaintiff.  Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

101.    Plaintiff has also incurred and continues to incur costs, expenses, and attorneys' fees and is entitled to recover said costs and fees in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION

**Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation - Violation of Title VII, ADEA, and Americans With Disabilities Act, Against Defendants, PRINCESS CRUISE LINES, LTD, dba P&O PRINCESS CRUISES, also known as PRINCESS CRUISES, a corporation; CARNIVAL CORPORATION & plc, dba CARNIVAL CRUISE LINE aka CARNIVAL CRUISES, a corporation; HOLLAND AMERICA GROUP aka HOLLAND AMERICA LINE, a business entity, form unknown; CUNARD LINE, also known as CUNARD, a business entity, form unknown, and DOES 1 through 10, Inclusive**

102.    Plaintiff realleges and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

103.    DEFENDANT EMPLOYERS failed to prevent the alleged acts of discrimination, harassment, and retaliation towards plaintiff, in violation of federal law. The failure to undertake a prompt and adequate investigation and complete failure to prevent the  alleged  acts of discrimination and retaliation constitutes an unlawful employment practice. Such conduct has resulted in damage and injury to plaintiff, as alleged herein.

28

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

104.    As a proximate result of DEFENDANT EMPLOYERS' violation of applicable federal law, plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount over the minimum jurisdiction of this Court, the amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to applicable legal authority providing for pre-judgment interest.

105.    All defendants knew and/or had reason to know of the conduct of the other defendants and all defendants in fact, condoned, ratified, approved of and supported the conduct of all other defendants.

106.    In doing the acts alleged herein, DEFENDANT EMPLOYERS and all defendants, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, with ill will and hatred toward, and in reckless and conscious disregard of the rights of, plaintiff.  Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

107.    Plaintiff, who has incurred and continues to incur costs, attorneys' fees, and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION

**Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation - Violation of Family and Medical Leave Act Against All Defendants and DOES 1 through 10, Inclusive**

108.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

109.    Defendants failed to prevent the alleged acts of discrimination, harassment, and retaliation towards plaintiff, in violation of federal law. The failure to

29

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

undertake a prompt and adequate investigation and complete failure to prevent the alleged  acts of discrimination and retaliation constitutes an unlawful employment practice. Such conduct has resulted in damage and injury to plaintiff, as alleged herein.

110.    As a proximate result of DEFENDANT EMPLOYERS' violation of applicable federal law, plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount over the minimum jurisdiction of this Court, the amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to applicable legal authority providing for pre-judgment interest.

111.    All defendants knew and/or had reason to know of the conduct of the other defendants and all defendants in fact, condoned, ratified, approved of and supported the conduct of all other defendants.

112.    In doing the acts alleged herein, DEFENDANT EMPLOYERS and all defendants, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, with ill will and hatred toward, and in reckless and conscious disregard of the rights of, plaintiff.  Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

113.    Plaintiff, who has incurred and continues to incur costs, attorneys' fees, and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial.

## NINTH CAUSE OF ACTION

### Wrongful Discharge in Violation of  Law and Public Policy

### Against All Defendants, Inclusive

114.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

set forth herein.

115. The herein described conduct of defendants constitutes discrimination, harassment, retaliation, and wrongful termination of plaintiff in violation of public policy embodied in the federal civil rights laws, as codified, and cited, and other applicable laws and standards.

116. As a proximate result of DEFENDANT EMPLOYERS' and all other defendants' actions, plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount in excess of this Court's jurisdictional minimum, to be proven at trial.

117. As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

118. All defendants knew and/or had reason to know of the conduct of the other defendants and all defendants in fact, condoned, ratified, approved of and supported the conduct of all other defendants. Specifically, KENT and PIETRZAK knowingly and willfully played intentional and primary roles in terminating plaintiff's employment. KENT and PIETRZAK were not simply following orders but they themselves, separately, independently, and in collusion with each other and with other defendants, decided to harm plaintiff in her multidecade-long career employment with defendants, due to KENT's and PIETRZAK's ill will and hatred toward, and conscious disregard for the rights of plaintiffs. In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, and KENT and PIETRZAK, acted with oppression, fraud, malice, with ill will and hatred toward, and in conscious disregard of the rights of, plaintiff. Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.

///

///

31

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## TENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress,

### Against all Defendants, Inclusive

119.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

120.    The conduct of defendants, and each of them, as set forth herein was so despicable, extreme, and outrageous that it exceeded the boundaries of a decent society and was intended to cause plaintiff severe emotional distress and/or was done willfully, intentionally, and purposefully, with ill will and hatred toward plaintiff, and in conscious disregard of the probability of causing plaintiff severe emotional distress. Defendants' conduct violated the provisions of the federal civil rights laws and the State of California's  Fair Employment and Housing Act, as codified in *Govt. Code* §§ 12900-12996, in direct violation of federal and state law and public policy that an employer shall act in good faith and engage in fair dealing as regards its employees.

121.    Defendants' conduct and specifically that of their supervisors and managing agents, KENT and PIETRZAK, was intended to falsely accuse plaintiff of committing fraud and  intentionally failing to keep Defendants KENT and PIETRZAK apprised of plaintiff's application for leave of absence and yet as known to said defendants, plaintiff timely and properly submitted her completed application for leave of absence to The Hartford, the third party administrator of defendants' leave of absence program.  KENT and PIETRZAK nevertheless, intentionally, willfully, knowingly, and purposefully sought to and did seek to inflict severe emotional distress upon plaintiff by forcing plaintiff to believe that defendants and specifically KENT and PIETRZAK, on behalf of ALL of the other defendants, had reason to believe and did believe that plaintiff had committed fraud and intentionally and knowingly falsified her application for leave of absence and deserved to be fired.

122.    Defendants KENT and PIETRZAK abused their positions of power over

32

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Plaintiff, were aware and knowledgeable of plaintiff's vulnerabilities, knew that firing plaintiff after her 25+ uninterrupted, continuous, loyal, dedicated, and exemplary years of employment with defendants would likely and with substantial certainty, cause plaintiff, and any other person in plaintiff's position, severe emotional damage and harm, and with this knowledge and intent to cause plaintiff harm and with ill will and hatred toward plaintiff and with conscious disregard for plaintiff's health and well-being, promptly, unceremoniously, and with no notice whatsoever to plaintiff, terminated plaintiff's employment with false claims to plaintiff that she deserved to be fired.

123.    KENT and PIETRZAK, and all defendants, never provided plaintiff with the opportunity to complete a Performance Improvement Plan, which is promised to plaintiff and other employees and required under defendants' established business policies and procedures that relate to the fair treatment of employees. Defendants submitted a PIP to plaintiff under the pretext that plaintiff would be entitled to a PIP, and that defendants would engage in a PIP with plaintiff, however, KENT and PIETRZAK, on behalf of and in collusion with each other and all other defendants, never allowed plaintiff to engage in a PIP and instead promptly fired plaintiff without cause and in direct contravention of the established policies and procedures of defendants' companies, with whom plaintiff had been loyally employed for more than twenty-five (25) years.

## ELEVENTH  CAUSE OFACTION
### Defamation
### Against All Defendants, Inclusive

124.    Plaintiff realleges, and by this reference, hereby incorporates all allegations of previous and subsequent paragraphs of this Complaint, as though fully set forth herein

125.    Defendants and each of them willfully, knowingly, intentionally, and

33

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

purposefully falsely claimed that plaintiff's work performance was intentionally and purposely poor and "failed to meet expectations," that plaintiff committed fraud in submitting her applications for leaves of absence, and that complete termination of plaintiff's employment after more than twenty five (25) years as an exemplary employee was justified. Defendants knew their statements and claims about plaintiff were false but nevertheless intentionally, knowingly, and willfully made and published the false statements in a non-confidential forum and thus, published defendants' false statements about plaintiff and her truthfulness, honesty, and veracity to third parties.

126.    As a proximate result of the wrongful conduct of defendants, and each of them, plaintiff has suffered and continues to suffer, *inter alia*, severe humiliation, embarrassment, and substantial reputational damage and harm to her name and reputation, both personally and professionally, and to her good will and her good name as a trusted member of her community, her society, and the business community of which she was a member for more than twenty-five (25) years, and other damages not yet ascertained, all in an amount according to proof at the time of trial.

127.    In doing the acts herein alleged, all defendants, and through defendants' officers, directors, and/or managing agents, acted with oppression, fraud, malice, and with ill will and hatred toward, and in conscious disregard of the rights of, plaintiff. Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff NATASCHA J. CROSS prays for judgment against Defendants, and each of them, as follows:

1. For past and future compensatory damages, in an amount greater than the jurisdictional requirement of this Court, according to proof;

2. For pre-judgment and post-judgment interest at the legal rate allowed by

34

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

statute;

3. For exemplary and punitive damages, according to proof;

4. For injunctive, equitable, and declaratory relief;  Defendants have violated Title VII, and other applicable federal statutes and laws and will continue to violate said laws if not enjoined, because all defendants maintain policies, programs and classifications that impermissibly discriminate on the basis of race, color, sex, age, and medical and/or physical disability. Accordingly, defendant has undertaken personnel actions in violation of Title VII's and other federal laws' mandates that employees be free from any discrimination based on race, color, religion, sex, age, or national origin, and/or medical and/or physical disability.  Accordingly, plaintiff respectfully requests that the Court enter a judgment for plaintiff and award the following relief:

   a. A permanent injunction prohibiting defendants, and all of them, including their  employees, agents, officers, representatives and servants, including but not limited to KENT and PIETRZAK,  from discriminating on the basis of  race, color, sex, age, and/or medical or physical disability, in making hiring, promotion and other employment decisions;

   b. A declaratory judgment that defendants, and all of them, did violate, and continue to violate, plaintiff's rights under Title VII and other applicable cited laws;

5. Attorneys' fees and costs of suit, pursuant to the provisions of  applicable federal statutes or as otherwise provided for under law;

6. For such other and further relief as allowed by law; and,

///

///

35

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

7.  For such other and further relief as the Court deems just and proper.

DATED: October 1, 2025                              **LOPEZ McHUGH LLP**

By:    */s/ Christina A. Fountain*
         Christina A. Fountain
         Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED: October 1, 2025                              **LOPEZ McHUGH LLP**

By:    */s/ Christina A. Fountain*
         Christina A. Fountain
         Attorneys for Plaintiff

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ Christina A. Fountain
Christina A. Fountain

37

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**